UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

**Effective 12/1/2017**

In re: )
  Michael D Clark, and )
  Amy M Clark )
_____,  )   Case No. 19-81192
)
Debtor(s). )

# CHAPTER 13 PLAN

Original ☒

Amended Plan # _____ (*e.g.*, 1st, 2nd)
**\*\*MUST BE DESIGNATED\*\***

1. **Notices**

   **YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court.

   **THIS PLAN DOES NOT ALLOW CLAIMS.** A creditor must file a timely proof of claim to receive distribution as set forth in this Plan. Even if this Plan provides for payment, no payment will be made unless a proof of claim is timely filed.

   As used herein, the term "Debtor" includes both the debtor and co-debtor in a jointly administered case.

   The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

   | | | | |
   |---|---|---|---|
   | A. | A limit in the amount of a secured claim, set out in Paragraph D of Part 5, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
   | B. | Avoidance of a security interest or lien, set out in Paragraph B of Part 9 | ☐ Included | ☒ Not Included |
   | C. | Nonstandard provisions set out in Part 11 | ☐ Included | ☒ Not Included |

2. **Payments To Fund Plan**:

   A.       The Debtor submits to the Standing Chapter 13 Trustee ("Trustee") the following regular payments:

| Start Month # | End Month # | Monthly Payment | Total |
|---|---|---|---|
| 1 | 60 | $260.00 | $15,600.00 |
| Total # Months: | 60 | Grand Total Payments: | $15,600.00 |

    B.    **Income Tax Refunds**

☒    The Debtor is required to turn over to the Trustee 100% of all federal and state income tax refunds received during the term of this Plan, excepting only any federal income tax refund constituting Earned Income Credit and/or Additional Child Tax Credit, and any additional state and/or federal refund of $1500 or less per year in the aggregate.

☐    The Debtor is not required to turn over to the Trustee any income tax refunds received during the term of this Plan.

    C.    **Other Payments:**

    D.    **Notice Regarding Discrepancies**

In the event there is a discrepancy between the aggregate amount that the Debtor proposes to pay to the Trustee to fund this Plan, and the aggregate amount needed by the Trustee to pay all claims in accordance with the specific provisions set forth below, the specific provisions set forth below shall control. If, at any time during the term of this Plan, it is determined by the Trustee that insufficient funds are being paid in to fund all payments the Trustee is required to make, the Debtor shall increase the periodic payments set forth in Paragraph A of Part 2 above or otherwise provide for increased payments as needed. Alternatively, if the amount the Debtor is paying to the Trustee exceeds the amount needed for the Trustee to make all payments required by this Plan, any excess funds shall be refunded to the Debtor. Nothing in this provision should be construed as limiting the right of the Debtor, the Trustee, or any unsecured creditor to seek to modify this Plan after confirmation pursuant to 11 U.S.C. §1329.

3.    **Administrative Claims:**

    A.    **Trustee Compensation:**

Trustee fees shall be paid as provided by 28 U.S.C. §586(e). Regardless of the precise amount of the Trustee's fees set by the U.S. Trustee at any particular time, for purposes of this Plan, the fees shall be estimated at 10% of all amounts to be paid through this Plan.

    B.    **Attorney Fees**:

Choose one of the following:

☒    The Debtor's attorney has agreed to accept $____4,000.00____ for all services to be rendered to the Debtor in this case as required by the current Standing Order Regarding Attorney Fees for Debtor's Counsel in Chapter 13 cases for the Division in which the case is filed. Because the fee amount is at or below the "no-look" fee set forth in the Standing Order, the attorney is not required to file a fee application unless otherwise ordered by the Court. The Debtor's attorney has received $____100.00____ of the fee and the balance of $____3,900.00____ shall be paid through this Plan in accordance with the Standing Order.

☐ The Debtor's attorney has not agreed to accept a fee at or below the "no look" fee and, therefore, will file an initial itemized fee application within 30 days after the entry of an order confirming this Plan. The Debtor's attorney estimates the total fee request to be $_____. The Debtor's attorney has received $_____ and expects the balance to be paid through this Plan to be $_____. Payment of the balance through this Plan shall be paid in accordance with the Standing Order.

Further interim and final fee applications may be filed during the term of this Plan, provided that attorneys who have agreed to accept a "no look" fee pursuant to the Standing Order may only seek compensation for services which are beyond the scope of the services required to be performed to obtain a "no look" fee.

4. **Priority Claims:**

   A. **Domestic Support Obligations:**  ☒ None

   B. **Other Priority Claims under 11 U.S.C. §507:**  ☒ None

5. **Secured Claims:**

   A. **Maintenance of Payments:**  ☐ None

   i. The Debtor shall pay post-petition payments directly to the following creditors:  ☐ None

| Creditor | Collateral | Estimated total amount due | Monthly payment |
|---|---|---|---|
| PennyMac | 1576 Meadow Dr., Galesburg, IL  61401 | $55,971.61 | $514.78 |

   ii. The Trustee shall pay post-petition payments through this Plan to the following creditors: ☒ None

   B. **Curing Default:**  ☒ None

   C. **Secured Claims to which 11 U.S.C. §506 Valuation is NOT Applicable ("910 Claims"):**  ☐ None

   Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle acquired for the personal use of the Debtor, incurred within the 910 days preceding the date of the filing of the bankruptcy or debts secured by a purchase-money security interest in "any other thing of value" incurred within one year preceding the date of the filing of the bankruptcy. These claims will be paid in full with interest as provided below and will be paid by the Trustee through this Plan.

| Creditor | Collateral | Estimated Claim | Interest Rate % | Estimated Monthly Payment | Estimated Total Principal & Interest |
|---|---|---|---|---|---|
| Ally | 2015 Nissan Note | $8,176.79 | 7.5 | $163.85 | $9,831.00 |

   D. **Other Secured Claims:**  ☐ None

Claims listed in this subsection include debts owed to either governmental or non-governmental entities that are secured by real or personal property. For all governmental secured claims listed below, a request to determine the amount of such claim may only be made by motion or in a claim objection. *See Federal Rule of Bankruptcy Procedure 3012(c)*. For all non-governmental secured claims listed below, such claims will be paid either the value of the secured property as stated below or the secured amount of the claim as listed on the proof of claim, whichever is less, with interest as provided below. Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. These claims will be paid by the Trustee through this Plan. Inclusion of a request in this subsection to limit the amount of a secured claim, which may result in partial payment or no payment at all to the secured creditor, requires service of the Plan on the holder of such claim and any other entity the Court designates in the manner provided for service of summons and complaint by Federal Rule of Bankruptcy Procedure 7004. ***Any provision in the remainder of this Paragraph that limits the amount of a non-governmental secured claim, which may result in a partial payment or no payment at all to the secured creditor, will be effective only if the applicable box in Paragraph A of Part 1 of this Plan is checked.***

| Creditor | Collateral | Value/Estimated Claim | Interest Rate % | Estimated Monthly Payment | Estimated Total Principal & Interest |
|---|---|---|---|---|---|
| Tower Loans, 1348 N Henderson St., Ste 1, PO. Box 860 Galesburg, IL 61401 | Misc. Personalty non purchase money | $100.00 | 7.5% | $2.00 | $120.00 |

    **E.**    **Secured Claims for Real Estate Taxes:**  ☒ None

    **F.**    **Surrender of Property:**  ☒ None

**6. Unsecured Claims:**

    **A.**    **Liquidation Analysis**

Unless specifically set forth in Part 11 below, if the Debtor's estate were liquidated under Chapter 7 as of the date of this Plan, the value of the property to be distributed on account of allowed unsecured claims would be $0.

    **B.**    **Statement of Applicable Commitment Period**

Per Official Form 122C-1, the Debtor has a ☐ 3- or ☒ 5-year applicable commitment period.

    **C.**    **Projected Monthly Disposable Income**

The Debtor's projected monthly disposable income is $_____234.00_____. (In calculating this amount, a deduction should be taken for the 10% Trustee's fee described in Paragraph A of Part 3 above. The Trustee's fee deduction should be taken only once.)

    **D.**    **Co-Debtor Claims:**  ☒ None

E. **Distribution on Allowed General Unsecured Claims**

Choose only one of the following:

☐ Allowed general unsecured claims shall not receive any distribution pursuant to this Plan.

☐ Allowed general unsecured claims shall be paid in full pursuant to this Plan.

☐ The Debtor shall pay the sum of $_____to unsecured creditors pursuant to this Plan, which shall be distributed first to pay all claims listed in Paragraph D of Part 6 above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

☒ The funds remaining after disbursements have been made to all other creditors provided for herein shall be distributed first to pay all claims listed in Paragraph D of Part 6 above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

7. **Executory Contracts and Unexpired Leases:** ☐ None

   A. **Executory Contracts and Unexpired Leases Under Which the Debtor is the Lessee - Maintenance of Payments:** ☐ None

   All executory contracts and unexpired leases under which the Debtor is the Lessee listed on Schedule G are *rejected*, except the following which are assumed:

| Other Party to Contract or Lease | Property, if any, Subject to Contract or Lease | Monthly Payment | # of Payments Remaining | Payments to be Disbursed by: |
|---|---|---|---|---|
| Progressive Leasing | Rings | $136.39 | 1 | ☒ Debtor<br>☐ Trustee |

   B. **Unexpired Leases Under Which the Debtor is the Lessor:** ☒ None

   C. **Executory Contracts and Unexpired Leases - Arrearages - Trustee:** ☒ None

8. **Property of the Estate:**

   ☒ Upon confirmation, all property of the estate shall vest in the Debtor. Notwithstanding this provision, the Trustee retains the right to assert a claim to any additional property of the estate that the Debtor acquires post-petition pursuant to 11 U.S.C. §1306.

   ☐ All property of the estate shall vest in the Debtor upon discharge.

   Pursuant to 11 U.S.C. §1327(b), the effect of failure to check one of the above boxes will be to vest all property of the estate in the Debtor upon confirmation.

9. **Lien Avoidance:** ☒ None

10. **Miscellaneous:**

    A. Per Federal Rule of Bankruptcy Procedure 3010(b), the Trustee shall make no payment in a denomination of less than $15.00 and is authorized to accumulate funds for creditors in order not to make any payments of less than $15.00.

    **B.**    All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt as determined under non-bankruptcy law or discharge under 11 U.S.C. §1328.

    **C.**    Secured creditors and lessors to be paid directly by the Debtor may continue to send to the Debtor customary notices, payment coupons, and invoices notwithstanding the automatic stay.

**11. Nonstandard Provisions**:

Under Federal Rule of Bankruptcy Procedure 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Plan Form or deviating from it. ***The provisions in this Part will not be effective unless the applicable box in Paragraph C of Part 1 is checked. Nonstandard provisions set forth elsewhere in this Plan are ineffective.***

**12. Signatures**

If the Debtor is represented by an attorney, the attorney must sign the Plan and the Debtor may but is not required to sign it. If the Debtor is not represented by an attorney, the Debtor must sign the Plan. The Plan must be dated.

By filing this document, the Debtor, if not represented by an attorney, or the attorney for the Debtor, also certifies that the wording and order of the provisions in this Plan are identical to those contained in the Chapter 13 Model Plan for the Bankruptcy Court for the Central District of Illinois, other than any nonstandard provisions included in Part 11.

Signed:

Date: 8/21/2019          /s/Michael D Clark
                         Name, Debtor

Date: 8/21/2019          /s/Amy M Clark
                         Name, Joint Debtor

Date: 8/21/2019          /s/Christopher W. Kanthak
                         Attorney for Debtor(s):

                         161 S. Cherry St., Ste. 102
                         Galesburg, IL 61401
                         _____
                         Attorney Address

                         (309) 341-2211
                         Attorney Phone Number

                         kanthaklaw@aol.com
                         Attorney E-mail Address